UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| ROBERT L. ATKINSON, | Case No. 3:22-cv-192 |
| Plaintiff, | |
| vs. | District Judge Thomas M. Rose |
| | Magistrate Judge Kimberly A. Jolson |
| STATE OF OHIO, *et al.*, | |
| Defendants. | |

## ORDER AND REPORT AND RECOMMENDATION

Plaintiff, a former prisoner at the Montgomery County Jail, brings this *pro se* civil rights action against the State of Ohio and the Montgomery County Sheriff's Department.[1] The Court understands the action to be brought pursuant to 42 U.S.C. § 1983 and Ohio state law.[2] By separate Order, Plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

I.

As an initial matter, Plaintiff submitted his initial Complaint in four installments, consisting of three civil complaint forms and a habeas corpus form (*see* Doc. 1-1; 1-2; 1-3; and

---

[1] As set forth in Part I of this Order and Report and Recommendation, containing the procedural history of this case, Plaintiff initially filed a habeas corpus form as part of his Complaint in this case. In accordance with Plaintiff's response to a show cause Order from the Court, his habeas corpus Petition was filed in a new action. (*See* Doc. 10). While the Sheriff of Montgomery County, who is currently listed as a Defendant in the docket record in this case, was arguably a proper respondent to a habeas corpus action, he has not been named as a Defendant in the instant civil action. (*See* Doc. 7-1, at PageID 205). The **Clerk of Court** is therefore **DIRECTED** to update the docket record in this case to show the two defendants named in Plaintiff's civil action, *i.e.*, the State of Ohio and the Montgomery County Sheriff's Department. (See Doc. 7-1, at PageID 205).

[2] *See Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 624 (1979) (Powell, J., concurring) ("Section 1983 provides a private cause of action for the deprivation, under color of state law, of 'rights . . . secured by the Constitution and laws.'") (footnote omitted).

1-4), and also submitted a document titled Motion or Application for Over-Detention or Wrongful Detention, which appeared to contain additional allegations (*see* Doc. 3, at PageID 177-80).  On August 2, 2022, the Court ordered Plaintiff to submit a single, completed civil Complaint form within thirty days if he wished to proceed with his action.  (Doc. 6).

Additionally, given Plaintiff's submission of a habeas corpus form as part of his Complaint in this case (*see* Doc. 1-4), the Court noted that, to the extent that Plaintiff was "in custody" and sought to challenge the constitutionality of his custody, conviction, or sentence, federal habeas relief was the appropriate remedy.  *See Preiser v. Rodriquez*, 411 U.S. 475, 500 (1973).  In such a case, the Court directed Plaintiff to file a separate habeas corpus action.  (Doc. 6, at PageID 192).

On August 10, 2022, Plaintiff attempted to comply with the Court's August 2, 2022 Deficiency Order by submitting another motion for leave to proceed *in forma pauperis* (Doc. 7), along with both an Amended Complaint (Doc. 7-1; 7-2; and 7-3) and a Petition for writ of habeas corpus and supporting exhibits (Doc. 7-4; 7-5).

Because it appeared that Plaintiff submitted his habeas corpus Petition and supporting exhibits (Doc. 7-4; 7-5) in this action in error, the Court directed Plaintiff on August 16, 2022, to show cause within fourteen days why his separately submitted Petition for writ of habeas corpus and supporting exhibits (Doc. 7-4; 7-5) should not be stricken from the record in this civil action and returned to him for filing, if he so wished, in a new and separate action.  Alternatively, the Court noted that if Plaintiff intended to file his Petition for writ of habeas corpus and supporting exhibits as a new and separate action in this Court, he should inform the Court of this intention, also within fourteen days.

In Plaintiff's timely response to the Court's August 16, 2022 Order, he indicated that he "would like to file his petition for writ of habeas corpus and exhibits as a 'new' and 'separate' action in this Court[.]" (Doc. 9, at PageID 287). In light of Plaintiff's response, the Clerk of Court was directed to open a new case for Plaintiff's Petition for writ of habeas corpus and exhibits (Doc. 7-4; 7-5) and to strike those filings (Doc. 7-4; 7-5) from this action.

This matter is now before the Court for an initial screen of Plaintiff's Amended Complaint (Doc. 7-1; 7-2; and 7-3) under 28 U.S.C. §§ 1915(e)(2) and 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Amended Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A.[3]

Having performed the initial screen, for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS with prejudice** Plaintiff's 42 U.S.C. § 1983 claims in the Amended Complaint, the sole federal claims therein, against the State of Ohio and the Montgomery County Sheriff's Department, **DECLINE to exercise supplemental jurisdiction** over any state-law claims against these Defendants in the Amended Complaint and **DISMISS** any such claims **without prejudice**, and **GRANT** Plaintiff leave to file a Second Amended Complaint within twenty-eight days of any Court order adopting this Report and Recommendation.

Further, the **CLERK OF COURT** is **DIRECTED** to send this Order and Report and Recommendation to Plaintiff using the address he has provided to the Court in this case and also

---

[3]Plaintiff's Amended Complaint (Doc. 7-1; 7-2; and 7-3) supersedes the original complaint and is the operative complaint. *See Calhoun v. Bergh*, 769 F.3d 409, 410 (6th Cir. 2014) ("An amended complaint supersedes an earlier complaint for all purposes.") (quotation and citation omitted).

3

to the address he provided in Case No. 3:22-cv-236. Plaintiff is **DIRECTED** to keep the Court apprised of any changes to his address.

Additionally, for the reasons stated in footnote 1, above, the **CLERK OF COURT** is **DIRECTED** to update the docket record in this case to show the State of Ohio and the Montgomery County Sheriff's Department as the Defendants in this case. (*See* Doc. 7-1, at PageID 205).

II.

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id.* at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)[4] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> * * *
>
> (B) the action or appeal—
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

---

[4]Formerly 28 U.S.C. § 1915(d).

4

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however,

has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

### III.

Plaintiff brings this action against the State of Ohio and the Montgomery County Sheriff's Department based on allegations that he was "forced" to remain incarcerated at the Montgomery County Jail three to four months beyond the expiration of the sentences for which he was being held. (*See* Doc. 7-2, at PageID 213; Doc. 7-3, at PageID 216). For relief, Plaintiff seeks money damages. (Doc. 7-2, at PageID 214).

The Amended Complaint is subject to dismissal for failure to state a claim upon which relief may be granted. The Amended Complaint must be dismissed against the State of Ohio because it is immune from suit. Absent an express waiver, the Eleventh Amendment to the United States Constitution bars suit against a State or one of its agencies or departments in federal court regardless of the nature of the relief sought. *Seminole Tribe of Florida v. Florida*, 517 U.S. 44 58 (1996); *Pennhurst State School v. Halderman*, 465 U.S. 89, 100 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *Edelman v. Jordan,* 415 U.S. 651, 663 (1974). The exceptions to the Eleventh Amendment bar prohibiting lawsuits against a state in federal court do not apply in this case. The State of Ohio has neither constitutionally nor statutorily waived its Eleventh Amendment rights. *See Mixon v. State of Ohio*, 193 F.3d 389, 397 (6th Cir. 1999); *State of Ohio v. Madeline Marie Nursing Homes*, 694 F.2d 449, 460 (6th Cir. 1982); *Ohio Inns, Inc. v. Nye*, 542 F.2d 673, 681 (6th Cir. 1976). Nor has Plaintiff sued a state official seeking prospective injunctive relief against future constitutional violations. *Ex Parte Young*, 209 U.S. 123 (1908). In addition, Congress has not "explicitly and by clear language" expressed its intent

to "abrogate the Eleventh Amendment immunity of the States" when enacting Section 1983. *See Quern v. Jordan,* 440 U.S. 332, 341-43, 345 (1979). Therefore, the State of Ohio is immune from suit in this case.

The Amended Complaint must also be dismissed against the Montgomery County Sheriff's Department. Plaintiff's claims against the Montgomery County Sheriff's Department are official capacity claims and are treated as claims against Montgomery County, Ohio, the entity of which the Sheriff's Department is an agent. *Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989); *Kentucky v. Graham*, 473 U.S. 159 (1985); *Monell v. New York City Dep't of Social Services*, 436 U.S. 658 (1978). *See also Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Plaintiff's Amended Complaint fails to state a claim for relief under § 1983 against Montgomery County because counties are not vicariously liable for the actions of their employees under § 1983. "It is firmly established that a municipality, or . . . a county, cannot be held liable under § 1983 for an injury inflicted solely by its employees or agents." *Gregory v. Shelby Cty., Tenn.*, 220 F.3d 433, 441 (6th Cir. 2000) (citing *Monell*, 436 U.S. at 694). To state a claim for relief against Montgomery County for Plaintiff's alleged injuries, the Amended Complaint must allege facts showing that the alleged misconduct giving rise to Plaintiff's injuries was the result of a policy, statement, regulation, decision, or custom promulgated by the County. *Bright v. Gallia Cty., Ohio*, 753 F.3d 639, 660 (6th Cir. 2014) (citing *Shamaeizadeh v. Cunigan*, 338 F.3d 535, 556 (6th Cir. 2003)); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). *See also Monell*, 436 U.S. at 694; *Doe v. Claiborne County*, 103 F.3d 495, 507 (6th Cir. 1996). "The 'official policy' requirement [of *Monell*] was intended to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible." *Pembaur v. City*

*of Cincinnati*, 475 U.S. 469, 479 (1986) (emphasis in original). "[P]laintiff must adequately plead (1) that a violation of a federal right took place, (2) that the defendants acted under color of state law, and (3) that a municipality's policy or custom caused that violation to happen." *Bright*, 753 F.3d at 660 (citing *Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008)). *See also Polk County v. Dodson*, 454 U.S. 312, 326 (1981) (municipal policy must be "moving force" behind constitutional deprivation).

Plaintiff does not allege that his constitutional rights were violated pursuant to a county policy. *See Monell*, 436 U.S. at 690. Nor does Plaintiff allege facts from which the Court could infer a failure-to-train claim against Montgomery County. To state a failure-to-train claim against the County, Plaintiff must allege "prior instances of unconstitutional conduct demonstrating that the municipality had ignored a history of abuse and was clearly on notice that the training in this particular area was deficient and likely to cause injury." *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013) (citation, quotation marks, and brackets omitted). Here, Plaintiff does not allege any facts indicating that the County knew of prior unconstitutional conduct on the part of Montgomery County Jail staff. Accordingly, any failure-to-train claim must fail as to the County. *See id*.

Further, even if the Court were to liberally construe Plaintiff's Amended Complaint as asserting claims against the Montgomery County Sheriff in an individual capacity, Plaintiff does not allege that the Sheriff had any involvement in the alleged denial of Plaintiff's rights. "A supervisory employee cannot be held liable under § 1983 for the constitutional torts of those he supervises unless it is shown 'that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it.'" *Searcy v. City of Dayton*, 38 F.3d 282, 287 (6th Cir. 1994) (quoting *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984)). *See also Shehee*

8

*v. Luttrell,* 199 F.3d 295, 300 (6th Cir. 1999) ("A supervisory official's failure to supervise, control or train the offending individual is not actionable unless the supervisor either encouraged the specific incident of misconduct or in some way directly participated in it."). Indeed, Plaintiff merely alleges that he was "'forced' to remain incarcerated" without identifying how any named Defendant was responsible for his allegedly untimely release.

It is therefore **RECOMMENDED** that the Court **DISMISS with prejudice** Plaintiff's 42 U.S.C. § 1983 claims in the Amended Complaint, the sole federal claims therein, against the State of Ohio and the Montgomery County Sheriff's Department, for failure to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B) and 1915 A(b)(1). To the extent that Plaintiff also asserts state-law claims against these Defendants, it is further **RECOMMENDED** that the Court **DECLINE to exercise supplemental jurisdiction** under 28 U.S.C. § 1367(c)(3) over any state law claims in the Amended Complaint and **DISMISS** any such claims **without prejudice**. However, it is additionally **RECOMMENDED** that Plaintiff be granted leave to file a Second Amended Complaint to rectify the deficiencies set forth herein. In his Second Amended Complaint, Plaintiff should name as a Defendant any person he contends is actually and personally responsible for the alleged violation of his rights. *See Pineda v. Hamilton Cty., Ohio*, 977 F.3d 483, 490 (6th Cir. 2020) (emphasis in original) ("[A] § 1983 plaintiff generally must prove both that a defendant was *personally* at fault and that the defendant's culpable conduct (not somebody else's) *caused* the injury.").

IV.

For the reasons explained above, it is **RECOMMENDED** that the Court **DISMISS with prejudice** Plaintiff's 42 U.S.C. § 1983 claims in the Amended Complaint, the sole federal claims therein, against the State of Ohio and the Montgomery County Sheriff's Department, **DECLINE**

9

**to exercise supplemental jurisdiction** over any state-law claims against these Defendants in the Amended Complaint and **DISMISS** any such claims **without prejudice**, and **GRANT** Plaintiff leave to file a Second Amended Complaint within twenty-eight days of any Court order adopting this Report and Recommendation, naming the proper Defendants.

V.

Further, the **CLERK OF COURT** is **DIRECTED** to send this Order and Report and Recommendation to Plaintiff using the address he has provided to the Court in this case and also to the address he provided in Case No. 3:22-cv-236. Plaintiff is **DIRECTED** to keep the Court apprised of any changes to his address.

Additionally, for the reasons stated in footnote 1, above, the **CLERK OF COURT** is **DIRECTED** to update the docket record in this case to show the State of Ohio and the Montgomery County Sheriff's Department as the Defendants in this case. (*See* Doc. 7-1, at PageID 205).

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g., Pfahler v. Nat'l Latex*

*Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to the magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted).

    IT IS SO ORDERED.

Date: September 14, 2022

s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE