**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| ROBERT L. ATKINSON, | : | Case No. 3:22-cv-192 |
| Plaintiff, | : | |
| vs. | : | District Judge Thomas M. Rose |
| | : | Magistrate Judge Kimberly A. Jolson |
| STATE OF OHIO, *et al.*, | : | |
| Defendants. | : | |

**ORDER AND REPORT AND RECOMMENDATION**

This matter is before the Court on Plaintiff's Second Amended Complaint (Docs. 19, 20).

I.

Plaintiff, a former prisoner at the Montgomery County Jail ("MCJ"), filed this *pro se* civil rights action against the State of Ohio and the Montgomery County Sheriff's Department pursuant to 42 U.S.C. § 1983 and Ohio state law based on allegations of wrongful incarceration at the Montgomery County Jail. (*See* Doc. 7-1; 7-2; and 7-3).

Plaintiff submitted his initial Complaint in four installments, consisting of three civil complaint forms and a habeas corpus form (*see* Doc. 1-1; 1-2; 1-3; and 1-4), and also submitted a document titled Motion or Application for Over-Detention or Wrongful Detention, which appeared to contain additional allegations (*see* Doc. 3, at PageID 177-80). On August 2, 2022, the Court ordered Plaintiff to submit a single, completed civil Complaint form within thirty days if he wished to proceed with his action. (Doc. 6).

Additionally, given Plaintiff's submission of a habeas corpus form as part of his Complaint in this case (*see* Doc. 1-4), the Court noted that, to the extent that Plaintiff was "in

custody" and sought to challenge the constitutionality of his custody, conviction, or sentence, federal habeas relief was the appropriate remedy. *See Preiser v. Rodriquez*, 411 U.S. 475, 500 (1973). In such a case, the Court directed Plaintiff to file a separate habeas corpus action. (Doc. 6, at PageID 192).

On August 10, 2022, Plaintiff attempted to comply with the Court's August 2, 2022 Deficiency Order by submitting another motion for leave to proceed *in forma pauperis* (Doc. 7), along with both an Amended Complaint (Doc. 7-1; 7-2; and 7-3) and a Petition for writ of habeas corpus and supporting exhibits (Doc. 7-4; 7-5).

Because it appeared that Plaintiff submitted his habeas corpus Petition and supporting exhibits (Doc. 7-4; 7-5) in this action in error, the Court directed Plaintiff on August 16, 2022, to show cause within fourteen days why his separately submitted Petition for writ of habeas corpus and supporting exhibits (Doc. 7-4; 7-5) should not be stricken from the record in this civil action and returned to him for filing, if he so wished, in a new and separate action. Alternatively, the Court noted that if Plaintiff intended to file his Petition for a writ of habeas corpus and supporting exhibits as a new and separate action in this Court, he should inform the Court of this intention, also within fourteen days.

In Plaintiff's timely response to the Court's August 16, 2022 Order, he indicated that he "would like to file his petition for writ of habeas corpus and exhibits as a 'new' and 'separate' action in this Court[.]" (Doc. 9, at PageID 287). In light of Plaintiff's response, the Clerk of Court was directed to open a new case for Plaintiff's Petition for a writ of habeas corpus and exhibits (Doc. 7-4; 7-5) and to strike those filings (Doc. 7-4; 7-5) from this action.

On September 14, 2022, the undersigned filed an initial Screening Report and Recommendation that recommended dismissing Plaintiff's Amended Complaint in the instant

case for failure to state a claim upon which relief could be granted. The undersigned found that the sole Defendants—the State of Ohio and the Montgomery County Sheriff's Department—were not proper parties under § 1983 and that, even liberally construing Plaintiff's claims as against Montgomery County and/or the Montgomery County Sheriff, Plaintiff failed to allege sufficient facts to state a plausible claim. (Doc. 15, at PageID 313-16). In light of these recommendations, the undersigned also recommended that the Court decline to exercise supplemental jurisdiction over the state-law claims. (*Id.*, at PageID 316). In an abundance of caution, however, the undersigned recommended that Plaintiff be granted leave to file a Second Amended Complaint to rectify the identified deficiencies. (*Id.*, at PageID 316). On October 6, 2022, the District Court adopted in full the September 14, 2022 Report and Recommendation. (Doc. 16).

On October 25, 2022, Plaintiff filed an amended pleading. (Doc. 19). On October 27, 2022, Plaintiff filed another amended pleading. (Doc. 20). The Court considers these filings (Docs. 19 and 20) together as Plaintiff's Second Amended Complaint. Plaintiff's Second Amended Complaint supersedes Plaintiff's earlier filed complaints and is the operative complaint in this case. *Scuba v. Wilkinson*, No. 1:06-cv-160, 2006 WL 2794939, at *2 (S.D. Ohio Sept. 27, 2006) (citing *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 306 (6th Cir. 2000)); *see also Calhoun v. Bergh*, 769 F.3d 409, 410 (6th Cir. 2014) ("An amended complaint supersedes an earlier complaint for all purposes.") (quotation and citation omitted).

This matter is now before the undersigned for initial screening of plaintiff's Second Amended Complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A to identify cognizable claims and to recommend dismissal of the Second Amended Complaint, or any portion of it, which is

frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A.

II.

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id.* at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)[1] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> * * *
>
> (B) the action or appeal—
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule

---

[1] Formerly 28 U.S.C. § 1915(d).

8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

5

III.

In his Second Amended Complaint, Plaintiff names three new defendants—Montgomery County Sheriff Rob Streck, MCJ Captain Daughtery, and MCJ Major Andy Easton—and alleges that his claims arise out of:

> Case No: 19-CRB-5115 also Case No: 19-CRB-672 in the Montgomery County Municipal Court. Wherefore, I was "forced" by said Defendant[s] to be incarcerated or detained for more time passed the statute for a misdemeanor of the 1st Degree.

(Doc. 19, at PageID 335; Doc. 19-1, at PageID 342).[2] For relief, Plaintiff seeks money damages. (Doc. 19, at PageID 338).

Based on his allegations, Plaintiff brings claims against Defendants for conspiracy and violations of his right under the Eighth Amendment to the United States Constitution to be free from cruel and unusual punishment. For the reasons below, the Second Amended Complaint is subject to dismissal for failure to state a claim upon which relief may be granted.

IV.

The Court considers Plaintiff's conspiracy claim first. It is well-settled in the Sixth Circuit that civil conspiracy claims under 42 U.S.C. § 1983 must be pleaded with "with some degree of specificity, and vague and conclusory allegations unsupported by material facts are not sufficient to state a claim." *Hamilton v. City of Romulus,* 409 F. App'x 826, 835 (6th Cir. 2010). *See also Boxill v. O'Grady*, 935 F.3d 510, 519 (6th Cir. 2019) ("The plaintiff must plead enough facts to support a reasonable inference that there was a single plan, that the alleged coconspirator shared in the general conspiratorial objective, and that an overt act was committed in furtherance

---

[2] Although Plaintiff alleges that the underlying state-court cases were filed in the Montgomery County Municipal Court (*see* Doc. 19-1, at PageID 342), the undersigned's review of the record in this case (*see, e.g.,* Doc. 19, at PageID 337 (containing Plaintiff's description of his arrest dates and charges)) and the Dayton Municipal Court website (*see* https://clerkofcourt.daytonohio.gov/PA/TCSearchTypes.cfm?initialArea=criminal) reveals that these cases were in fact filed in the Dayton Municipal Court.

6

of the conspiracy that caused injury to the complainant.") (internal quotation marks omitted); *Moldowan v. City of Warren,* 578 F.3d 351, 395 (6th Cir. 2009) (citing *Gutierrez v. Lynch,* 826 F.2d 1534 (6th Cir. 1987)) (affirming dismissal of conspiracy claims under § 1983 because the plaintiff failed to plead the claims with the "requisite specificity"). Here, construing the complaint liberally, Plaintiff's factual allegations are insufficient to suggest that Defendants shared a conspiratorial objective or otherwise planned together to deprive him of a constitutionally-protected right. Therefore, Plaintiff's conspiracy claim lacks the requisite specificity to state a cognizable claim under 42 U.S.C. § 1983.

The Court next considers Plaintiff's Eighth Amendment claim. Courts, including the Sixth Circuit, have recognized a federal right to be released from state custody upon completion of one's sentence. *See Shorts v. Bartholomew*, 255 F. App'x 46, 51 (6th Cir. 2007) (citing cases). Plaintiff's Second Amended Complaint and accompanying exhibits make clear, however, that Plaintiff has failed to plausibly allege that Defendants held him in custody beyond his scheduled release date.[3] Rather, excerpts from a hearing transcript that Plaintiff attaches as an exhibit to his Second Amended Complaint establish that at a hearing on February 5, 2020, in Case No. 19-CRB-672, in which Plaintiff had pleaded guilty to domestic violence, the trial judge sentenced Plaintiff to "89 more days." (Doc. 20-1, at PageID 435).[4] Although the judge indicated that he would consider a motion for early release (*see id*.), the state-court docket

---

[3]Pursuant to Federal Rule of Civil Procedure 10, these exhibits are considered a part of the Second Amended Complaint "for all purposes." *See* Fed. R. Civ. P. 10(c). *Cf., Fishman v. Williams*, No. CV 14-4823 MWF(JC), 2016 WL 11484591, at *7 (C.D. Cal. Sept. 21, 2016) ("When screening a *pro se* plaintiff's complaint pursuant to 28 U.S.C. § 1915A, the Court may consider facts drawn from the complaint and supporting exhibits attached thereto."); *Johnson v. Buffalo Pub. Schools: Adult Educ. Div.*, No. 19-CV-1484 (JLS), 2021 WL 9455714, at *3 (W.D.N.Y. Jan. 7, 2021) ("The Court deems the attachments and exhibits attached to Johnson's Complaint part of the pleading and considers them, to the extent they are relevant, in its screening decision.").

[4]Excerpts from another hearing transcript attached to the Second Amended Complaint establish that Case No. 19-CRB-5115 was dismissed on January 29, 2020, because Plaintiff had "served the maximum amount of time." (Doc. 20-1, at PageID 426).

7

reveals that Plaintiff's motion for early release was denied on March 18, 2020.[5] Plaintiff's sentence in Case No. 19-CRB-672 would have thus expired on or about May 4, 2020. Plaintiff alleges that he was released from the MCJ on May 3, 2020, a day before his sentence expired. (Doc. 19, at PageID 338). In light of Plaintiff's own allegations and submitted exhibits, Plaintiff has failed to plead a plausible claim that Defendants held him in custody beyond his scheduled release date.

Furthermore, to the extent that Plaintiff seeks to challenge his sentences in Case Nos. 19-CRB-5115 or 19-CRB-672, such claims are barred unless and until there has been a prior judicial determination that he was unlawfully incarcerated. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that if a judgment rendered in the plaintiff's favor would necessarily imply that his conviction or sentence was invalid, the complaint for damages under § 1983 must be dismissed unless the plaintiff has already succeeded in having the conviction or sentence invalidated through reversal on direct appeal, expungement by executive order, or declaration of invalidity by a state tribunal authorized to make such a determination or by a federal court's issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *Heck*, 512 U.S. at 486-87. Because success on Plaintiff's Eighth Amendment claim would call into question the validity of his sentence in Case No. 19-CRB-672, the claim is barred by *Heck*.[6]

---

[5] Viewed at the Dayton Municipal Court website: (https://clerkofcourt.daytonohio.gov/PA/TCCaseSummary.cfm?cid=dmprSzhyYzlTbCtiOEVySHBGclZmdz09&CFID=15362268&CFTOKEN=77b99b7c041c4f77-1813812C-C6F1-812E-604944468067D255). This Court may take judicial notice of court records that are available online to members of the public. *See Lynch v. Leis*, 382 F.3d 642, 648 n.5 (6th Cir. 2004) (citing *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999)).

[6] Notably, as set forth above in Part I of this Report and Recommendation, Plaintiff did file a separate habeas corpus action when he filed the instant action. However, when Plaintiff was asked to show cause why that matter should not be dismissed on the basis that he was not "in custody" at the time he filed suit, Plaintiff did not respond to the show cause order. Plaintiff's habeas action was ultimately dismissed for want of prosecution. *See Atkinson v. Montgomery County Jail,* Case No. 3:22-cv-236 (S.D. Ohio) (Docs. 17, 20, 21).

Accordingly, in sum, Plaintiff's Second Amended Complaint should be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A. The dismissal should be with prejudice with the caveat that the dismissal should not be construed as precluding plaintiff from filing a habeas petition to the extent appropriate under the circumstances. *See Wheeler v. Dayton Police Dep't*, 807 F.3d 764, 767 (6th Cir. 2015) ("When courts dismiss claims under *Heck*, they typically do so *without prejudice*") (emphasis original); *see also Thompson v. Love's Travel Stops & Country Stores, Inc.*, 748 F. App'x 6, 11 (6th Cir. 2018) ("[O]ur court has stated on several occasions that dismissal for lack of subject matter jurisdiction should normally be without prejudice.") (citing cases).

V.

**IT IS THEREFORE RECOMMENDED THAT:**

1. The Second Amended Complaint be **DISMISSED with prejudice**, pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A, with the caveat that the dismissal should not be construed as precluding plaintiff from filing a habeas petition to the extent appropriate under the circumstances.

2. The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. Plaintiff remains free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.,* 105 F.3d 274, 277 (6th Cir. 1997).

VI.

The **CLERK OF COURT** is **DIRECTED** to send this Order and Report and Recommendation to Plaintiff using the address he has provided to the Court in this case and also to the address he provided in Case No. 3:22-cv-236. Plaintiff is **DIRECTED** to keep the Court apprised of any changes to his address.

Additionally, the **CLERK OF COURT** is **DIRECTED** to update the docket record in this case to show that the State of Ohio and the Montgomery County Sheriff's Department have been **TERMINATED** as parties to the action and that Defendants Montgomery County Sheriff Rob Streck, Captain Daughtery, and Major Andy Easton have been **ADDED** as parties to the action.

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g., Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to

the magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted).

December 2, 2022 /s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
United States Magistrate Judge